# EXHIBIT 1

Commonwealth of Kentucky
Court of Justice     *Courts.ky.gov*

CR 4.02; Cr Official Form 1



Case #: **25-CI-00161**
Court:   **CIRCUIT**
County:  **BOURBON**

~~NOT ORIGINAL~~

06/17/2025 04:52:51 PM

83553

# CIVIL SUMMONS

*Plantiff,* **HAEBERLIN, EMILY VS. MAC'S CONVENIENCE STORES LLC ET AL**, *Defendant*

TO:  **CORPORATION SERVICE COMPANY**
     **421 WEST MAIN STREET**
     **FRANKFORT, KY 40601**

Memo: Related party is MAC'S CONVENIENCE STORES LLC

The Commonwealth of Kentucky to Defendant:
**MAC'S CONVENIENCE STORES LLC**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Nina Huston*

Bourbon Circuit Clerk
Date: **6/10/2025**

Presiding Judge: HON. KATHRYN GABHART (614428)

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20_____        _____
                                                    Served By

                                           _____
                                                        Title

CI : 000001 of 000001



Page 1 of 1

eFiled

AOC-E-105    Sum Code: CI
Rev. 9-14
Commonwealth of Kentucky
Court of Justice    Courts.ky.gov
CR 4.02; Cr Official Form 1

Case #: **25-CI-00161**
Court: **CIRCUIT**
County: **BOURBON**



# CIVIL SUMMONS

DOCUMENT

06/17/2025 04:52:58 PM

83553

*Plaintiff,* **HAEBERLIN, EMILY VS. MAC'S CONVENIENCE STORES LLC ET AL**, *Defendant*

TO:    **COGENCY GLOBAL INC.**

**828 LANE ALLEN ROAD, STE 219**

**LEXINGTON, KY 40504**

Memo: Related party is SCF RC FUNDING IV LLC

The Commonwealth of Kentucky to Defendant:
**SCF RC FUNDING IV LLC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Ninie Huston*

Bourbon Circuit Clerk
Date: **6/10/2025**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____

_____
Served By

_____
Title



eFiled

Presiding Judge: HON. KATHRYN GABHART (614428)

CI : 000001 of 000001

NOT ORIGINAL
DOCUMENT
06/17/2025 04:52:22
PM
83553

COMMONWEALTH OF KENTUCKY
BOURBON CIRCUIT COURT
DIVISION _____
CIVIL ACTION NO. _____

*FILED ELECTRONICALLY*

EMILY HAEBERLIN                                                        PLAINTIFF

V.                                    **COMPLAINT**

MAC'S CONVENIENCE STORES LLC
d/b/a CIRCLE K

     Serve:  Corporation Service Company
            421 West Main Street
            Frankfort, KY 40601

SCF RC Funding IV LLC                                                 DEFENDANTS

     Serve:  Cogency Global Inc.
            828 Lane Allen Road
            Suite 219
            Lexington, KY 40504

---

Comes Plaintiff, Emily Haeberlin, by and through counsel, and for her Complaint against Defendants, Mac's Convenience Stores LLC and SCF RC Funding IV, LLC., states as follows:

**PARTIES**

1.      At all times relevant hereto, Plaintiff, Emily Haeberlin, was a citizen and resident of the Commonwealth of Kentucky, residing 123 Sitka Court Louisville, KY 40229.

2.      At all times relevant hereto, Defendant, Mac's Convenience Stores, LLC., was a foreign corporation, licensed to do business within the Commonwealth of Kentucky, with its Agent for Service of Process being Corporation Service Company 421 West Main Street, Frankfort, KY 40601, with a principle office of 4080 W. Jonathan Moore Pike Columbus, IN 47201.

Presiding Judge: HON. KATHRYN GABHART (614428)

COM : 000001 of 000004

NOT ORIGINAL

06/17/2025 04:52:22

83553

DOCUMENT

PM

3.      At all times relevant hereto, Defendant, SCF RC Funding IV LLC., was a foreign Corporation, licensed to do business within the Commonwealth of Kentucky, with its Agent for Service of Process being Cogency Global Inc. 828 Lane Allen Road Suite 219 Lexington, KY 40504, and a principal office of 902 Carnegie Center Blvd, Suite 520 Princeton, NJ 08540.

4.      At all times relevant hereto, Defendants owned, controlled, operated, maintained and/or supervised the Circle K located at 100 Lacy Lane Paris, Kentucky 40361 (hereinafter "premises").

## JURISDICTION AND VENUE

5.      The circumstances giving rise to this Complaint took place in Bourbon County, Kentucky.

6.      The amount of damages sustained by the Plaintiff is in excess of the minimum jurisdictional limits of the Bourbon County Circuit Court.

7.      Bourbon County Circuit Court has jurisdiction over this matter and venue is appropriate in this County.

## GENERAL ALLEGATIONS

8.      At all times relevant hereto, Defendants, by and through their agents, ostensible agents, servants, employees, and/or other representatives, had a duty to maintain and keep the premises safe for the use of their patrons, including Plaintiff.

9.      On or about February 1, 2025, as a direct and proximate result of the negligent acts and/or omissions of Defendants, whether by and through their respective agents, ostensible agents, servants, employees, and/or other representatives, Plaintiff, while exercising due care for her own safety, was injured as the result of a dangerous condition that was created and/or not maintained by Defendants, while lawfully and properly on Defendants' premises.

Presiding Judge: HON. KATHRYN GABHART (614428)

COM : 000002 of 000004

NOT ORIGINAL
DOCUMENT
06/17/2025 04:52:22
PM
83553

10.     Specifically, Plaintiff fell due to a defectively constructed, designed, and/or maintained ramp.

11.     At said time and place, Defendants owed Plaintiff a duty to exercise reasonable care for her safety.

12.     Defendants and their agents, ostensible agents, servants, employees, and/or other representatives, breached their duty of care to Plaintiff.

13.     As a direct and proximate result of the negligence and carelessness of Defendants, as heretofore alleged, Plaintiff was caused to sustain personal injuries of a permanent nature to her person. The injuries sustained by Plaintiff resulted in the following damages:

    a.   mental and physical pain and suffering both of a temporary and permanent nature all to her damage in a sum to be determined by a jury sitting in the trial of this matter;

    b.   the power and ability to labor and earn has been temporarily and permanently impaired all to her damage in a sum to be determined by a jury sitting in the trial of this matter;

    c.   the expenditure of sums of money for hospital, medical and other rehabilitation expenses, and will be caused to expend such sums of money in the future in an amount to be determined by a jury sitting in the trial of this matter;

    d.   loss of her ability to lead and enjoy a normal life, all to her damage, in a sum to be determined by a jury sitting in the trial of this matter.

**WHEREFORE**, Plaintiff, Emily Haeberlin**,** demands judgment against Defendants, Mac's Convenience Stores and SCF RC Funding IV LLC., as follows:

A.   A trial by jury on all issues of fact herein;

Presiding Judge: HON. KATHRYN GABHART (614428)

COM : 000003 of 000004

NOT ORIGINAL
DOCUMENT
06/17/2025 04:52:22
PM
83553

B.  Compensatory damages against Defendants in a fair and reasonable amount to be determined by a jury sitting at the trial of this matter, but in an amount sufficient to confer jurisdiction on this Court;

C.  For prejudgment interest from the date of Plaintiff's injuries until such time the judgment is paid;

D.  For Plaintiff's costs herein expended; and,

E.  For any and all other relief to which Plaintiff is entitled.

## <u>CERTIFICATION</u>

This is to certify that pursuant to KRS 411.188(2), the undersigned attorneys have notified by certified mail all of those parties believed to possibly hold subrogation rights to any award received by the Plaintiff as a result of this action and that the failure to assert subrogation rights by intervention, pursuant to Kentucky Civil Rule 24, or otherwise will result in a loss of those rights with respect to any final award received by the Plaintiff as a result of this action.

The parties notified are as follows:  Blue Cross Blue Shield, P.O. Box 5116, Des Plaines, IL 60017-5116.

**RESPECTFULLY** submitted this 10th day, of June 2025.

*/s/ Brittany Deskins*
BRITTANY DESKINS
Morgan & Morgan, Kentucky PLLC
250 W. Main Street, Ste. 2100
Lexington, KY 40507
Telephone:  (859) 300-8272
Facsimile:   (859) 367-6146
brittany.deskins@forthepeople.com
*Attorney for Plaintiff*

NOT ORIGINAL
DOCUMENT
06/17/2025 04:53:05
PM
83553

COMMONWEALTH OF KENTUCKY
BOURBON CIRCUIT COURT
DIVISION _____
CIVIL ACTION NO. _____

***FILED ELECTRONICALLY***

EMILY HAEBERLIN                                                    **PLAINTIFF**

V.

MAC'S CONVENIENCE STORES LLC
d/b/a CIRCLE K and
SCF RC Funding IV LLC                                          **DEFENDANT**

---

## PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

---

  Comes the Plaintiff, Emily Haeberlin, by counsel, and pursuant to CR 33, 34 and 36 of the Kentucky Rules of Civil Procedure, hereby propounds the following First Set of Requests for Admission, Interrogatories and Requests for Production of Documents upon the Defendants, Mac's Convenience Stores LLC and SCF RC Funding IV, LLC.

  These discovery requests are to be used for all purposes permitted by the Kentucky Rules of Civil Procedure and are to be answered under oath, with any and all documents to be produced for inspection at the office of Morgan & Morgan, 250 West Main Street, Suite 2100, Lexington, Kentucky 40507, within forty-five (45) days of service hereof. These discovery requests shall be deemed continuing, and supplemental answers and production shall be required of you pursuant to CR 26.05 if you or your counsel directly or indirectly obtain further information of the nature sought herein after the time the answers are served and the documents are produced.

Presiding Judge: HON. KATHRYN GABHART (614428)

IRPD : 000001 of 000017

NOT ORIGINAL
06/17/2025 04:53:05
83553

DOCUMENT

PM

## **DEFINITIONS**

1.    As used herein, "document" means anything on or which any information is fixed and can be perceived, reproduced or otherwise communicated, with or without the aid of any machine or device, and regardless of the medium of expression in which the information is fixed (e.g., print, video, audio or other medium of expression).

2.    As used herein, "you," "your" or Defendant means the answering Defendant, its employees, agents, and affiliates if applicable; and, unless the individual request indicates otherwise, its attorneys.

3.    As used herein, "produce" means to mail copies of all requested documents to Plaintiff's counsel of record herein and to make the original of such documents available for inspection.

4.    As used herein, the term "premises" shall refer to the Circle K located at 100 Lacy Lane, Paris, Kentucky 40361.

5.    As used herein, the word "incident" shall mean the incident which occurred on February 1, 2025, and which is the subject of this action that is described more particularly in Plaintiff's Complaint.

## **INSTRUCTIONS**

1.    These Requests for Admission, Interrogatories and Requests for Production of Documents shall be deemed continuing and supplemental answers and production shall be required of you if you or your counsel directly or indirectly obtain further information of the nature sought herein after the time the responses are served and the documents are produced.

2.    In complying with requests, you should produce each document in its original form without any mark, alteration, or additional writing as the documents appear as maintained in the

Presiding Judge: HON. KATHRYN GABHART (614428)

IRPD : 000002 of 000017

NOT ORIGINAL
DOCUMENT
06/17/2025 04:53:05
PM          83553

ordinary course of the business, except for Bates stamping, which may be placed on the bottom of each page. All documents should be produced in the same order in which they are kept in the ordinary course of business.

3.      If any document covered by these requests is withheld in whole or in part, please provide a privilege log specifying, at a minimum, the date of the document, the author(s), the recipient(s), the type of document (letter, memo, e-mail, etc.), a description of the contents of the document, the claim of privilege or protection upon which it is withheld, and your complete factual basis for that claim.

4.      In the event any document is redacted, altered or modified, in whole or in part, please ensure that the fact of redaction is plainly stated at the place where it is made, and please provide a privilege log as described above with respect to the redacted material. The failure to provide the privilege log, or to plainly reflect any redaction, will be claimed as a waiver of any assertion of any claimed privilege or protection from discovery.

## **REQUESTS FOR ADMISSION**

1.   Admit that you owned, controlled, operated, and/or supervised the premises on the date of the subject incident.

**RESPONSE:**

2.   Admit that you were responsible for maintaining the premises on the date of the subject incident.

**RESPONSE:**

3.   Admit that the Plaintiff was on the premises at the time of the subject incident.

**RESPONSE:**

Presiding Judge: HON. KATHRYN GABHART (614428)

IRPD : 000003 of 000017

NOT ORIGINAL
DOCUMENT
06/17/2025 04:53:05
PM
83553

4.   Admit that you failed to keep the premises in a reasonably safe condition prior to the subject incident.

**RESPONSE:**

5.   Admit that the Plaintiff was injured as a result of the incident which is the subject of this litigation.

**RESPONSE:**

6.   Admit that you are not aware of any facts indicating that the Plaintiff contributed to the incident in question.

**RESPONSE:**

7.   Admit that you are not aware of any facts indicating that the Plaintiff contributed to her resulting injuries from the subject incident.

**RESPONSE:**

## **INTERROGATORIES**

1.     Please state the full name, address, occupation and employer of each person who answered these Interrogatories, responded to the above Requests for Admissions, and/or searched for and/or gathered documents in responding to the attached Requests for Production of Documents, and each person who has provided information used in compiling such answers and responses.

**ANSWER:**

2.     State the correct legal name for the Defendant on the date of the incident alleged in the Complaint.

**ANSWER:**

Presiding Judge: HON. KATHRYN GABHART (614428)

IRPD : 000004 of 000017

NOT ORIGINAL
DOCUMENT
06/17/2025 04:53:05
PM
83553

3. Are the date, time and place of the alleged incident correctly stated in the Complaint? If not, please state the date, time and place of this alleged incident believed or known by you, your agents or attorneys to be correct.

**ANSWER:**

4. Please state whether any incident report was prepared by your employees in response to the incident giving rise to this action, and if there was one, please list the name, address and occupation of the current custodian of said incident report.

**ANSWER:**

5. Please list the name, last known address and employer of each and every employee working at said location on the date of the incident as alleged in the Complaint.

**ANSWER:**

6. State the full name, address, occupation and employer of any and all persons who have investigated this incident for or on behalf of your, your attorneys, agents, insurance carrier, etc.

**ANSWER:**

7. State the name, address, telephone number, and place of employment of each person known by you or your counsel who may have any knowledge of the facts of this matter, without regard to whether you intend to call any such person as a witness at trial. In your answer, specifically identify any and all persons who may be witnesses to any of the issues involved in this matter, including without limitation the following:

a) Any and all persons who have any knowledge of relevant facts about the incident as claimed in the Complaint

b) Any and all persons who may be witnesses or have knowledge concerning the incident

Presiding Judge: HON. KATHRYN GABHART (614428)

IRPD : 000005 of 000017

NOT ORIGINAL
DOCUMENT

06/17/2025 04:53:05
PM

83553

c) Any and all persons who may be witnesses or have knowledge concerning Plaintiff's injuries or physical condition following this incident

d)  Any and all persons having knowledge of the policies and procedures of the Defendant as of the date of the incident alleged in the Complaint concerning opening and closing procedures.

**<u>ANSWER:</u>**

8.      State the full name, address, occupation and employer of all persons contacted by any investigators in their investigation of this incident.

**<u>ANSWER:</u>**

9.      With respect to each statement that any person identified in response to any of these Interrogatories has ever given to anyone (except any statement to legal counsel) concerning facts in issue in this litigation, either oral or written, state the date the statement was given, the names, addresses and telephone numbers of those present when the statement was given, and a brief summary of the contents of the statement.

**<u>ANSWER</u>**:

10.   If any person or entity (other than the answering Defendant) is alleged to have contributed to the causation of or to be legally responsible for the injuries or damages of the Plaintiff in issue in this action, with respect to each such person or entity, state with specificity:

a)  The identification of the person or entity, including the name, mailing address, e-mail address and telephone number of the person or entity (for each entity, please also state such entities place of incorporation and principal place of business).

b)  A recitation of all facts upon which the allegation of causation is based.

c)  The identification of documents or other things which the answering Defendant claims support its allegation of causation.

Presiding Judge: HON. KATHRYN GABHART (614428)

IRPD : 000006 of 000017

NOT ORIGINAL
06/17/2025 04:53:05
83553

DOCUMENT

PM

d)  The name, mailing address, e-mail address and phone number of all persons known or believed to have knowledge of facts relating to the allegation of causation.

**ANSWER**:

11.    Explain the Defendant's and/or its representatives' disposition of evidence collected after the incident alleged in the Complaint, including:

a) The disposition, present location and number of photographs of the Plaintiff taken at the time of her incident (whether stored on paper, film, electronically or otherwise).

b) The disposition, present location and number of surveillance photographs or video footage (whether stored on paper, film, electronically or otherwise) showing the area of and surrounding the area of the incident as of the date of it.  "Surrounding" as used herein should mean any area within 50 feet of the site of the incident, whether the site of the incident is visible in such photographs or footage or not.

c)  Identify all policies and procedures of the Defendant and/or its representatives for the documentation, collection and preservation of evidence pertaining to an injury on the premises, including the Complaint, and the identification of such policies and procedures in any manuals or training materials.

**ANSWER**:

12.   If there have been other instances of persons being injured at the Defendant's premises in a manner substantially similar to that alleged in the Complaint within the last five (5) years, for each such instance, state:

a)  All facts known concerning the incident, including the date and location of each such incident within the premises

Presiding Judge: HON. KATHRYN GABHART (614428)

IRPD : 000007 of 000017

NOT ORIGINAL
DOCUMENT
06/17/2025 04:53:05
PM
83553

b)  The name and address of each person present at each incident, including the injured person, and the Defendant's employee or other representative at the premises to whom the incident was reported.

c)  The name, address and phone number of any person (including any attorney or other individual contacting the Defendant on behalf of the injured person), whether a claim for compensation was made or was not made.

d)  The identification of the Court, court case numbers, and the style of any lawsuit filed against the Defendant seeking damages on behalf of the injured person.

e)  A detailed explanation of the disposition of any claim for compensation or injury claim that was addressed in this interrogatory, including the terms of any settlement reached, or any confidentiality agreement imposed.

16.     Please state the name, address and telephone number for those individuals responsible for carrying out opening and closing procedures involved in this action on the date of the incident in question.

**ANSWER:**

17.     Please give the name, address, and occupation of the person with your company who would have the most details concerning the opening and closing procedures utilized by your company on the premises involved in this action on the date of the incident in question.

**ANSWER:**

18.     Based on your knowledge at this time, describe in detail how the alleged incident happened, including all actions taken by the Defendant to prevent the incident.

**ANSWER:**

Presiding Judge: HON. KATHRYN GABHART (614428)

IRPD : 000008 of 000017

NOT ORIGINAL

DOCUMENT

06/17/2025 04:53:05

PM

19.     If you contend that Plaintiff acted in such a manner as to cause or contribute to the

83553

incident, give a concise statement of the facts upon which you rely.

**ANSWER:**

20.     State the name, address, telephone number, and place of employment of each

person known by your counsel who you intend to call as a witness at trial.

**ANSWER:**

21.     State the name, address and telephone number and expert qualifications of each

expert witness, including medical experts, whom you intend to call at trial, and provide for each

the subject matter upon which they are expected to testify, the substance of the facts and opinions to

which each expert is expected to testify, and a summary of the grounds for each opinion.

**ANSWER**:

22.     Have you, your agents, investigators, attorneys or anyone acting on your behalf,

obtained any kind of written, recorded, or other type of statement from the Plaintiff or any persons

described in your previous Interrogatory answers?  If so, please identify each statement by date,

identity of person giving statement and name of current custodian of each statement.

**ANSWER:**

23.     If you claim any doctrine, legal privilege or law prohibits you from providing a

literal factual response to any interrogatory or the production of any document requested produced

in this litigation, whether now or in the future posed to you in this litigation, (including but not

limited to attorney-client, attorney-work product, HIPPA, or any other law or legal prohibition)

provide a privilege log,  identifying the information withheld, and with respect to each piece of

information and/or document withheld, explain in detail in the log:

a)  The type of information withheld.

Presiding Judge: HON. KATHRYN GABHART (614428)

IRPD : 000009 of 000017

NOT ORIGINAL
06/17/2025 04:53:05

83553

DOCUMENT

PM

b)  The custodian and/or source of the information withheld.

c) The identification of any document withheld, including the author, the identification of all persons to whom the document has been shown, the number of pages of the document, and a description of the contents of the document withheld.

d)  The identification of the discovery request generating the assertion of the privilege or prohibition, with citation to the particular doctrine, privilege or other legal prohibition upon which you assert that the information or document may not be produced.

e)  Whether the information or document has ever been produced as a result of or in litigation of any type, and if so, please state the identification of the Court, court case numbers, the style of any lawsuit in which the document was produced, the identification of persons to whom the document was produced and state any restrictions against disclosure of the information or document imposed in that action.

**ANSWER**:

24.     Identify each policy of insurance, whether primary, secondary, excess, umbrella, or other, which policy may insure the Defendant against the damages alleged in Plaintiff's Complaint, including in your answer:

a)  The name and address of each such insurer.

b)  The identifying number of each policy.

c)  The limits of coverage of each such policy.

**ANSWER**:

25.     With respect to each defense that you asserted in your Answer to Plaintiff's Complaint, state the factual basis underlying the defense asserted therein with specificity,

Presiding Judge: HON. KATHRYN GABHART (614428)

IRPD : 000010 of 000017

NOT ORIGINAL
DOCUMENT
06/17/2025 04:53:05
PM
83553

providing all known factual detail supporting each alleged defense, and identify all documents that you allege support that defense.

**ANSWER:**

26.    Do you agree to supplement your responses to these interrogatories and the following requests for production of documents propounded to you as soon as supplemental information or documents become available to you?

**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**(Please produce in electronic format when available)**

1.    All documents, the identity of which is requested in answer to the preceding Interrogatories (excepting those produced in response to the specific requests for production of documents below – which should be organized upon your production as in response to the specific request below).

**RESPONSE:**

2.  All documents that you intend to use or offer as evidence in this action at any deposition, hearing, or the trial of this matter.

**RESPONSE:**

3.  All reports of accident or injury involving the incident alleged in the Complaint.

**RESPONSE:**

4.  With respect to those expert witnesses whom you intend to use at trial of this action, produce the expert's entire file pertaining to this proceeding, including but not limited to things reviewed or studied by the expert in the formulation of any opinion to be offered at trial, any and all of such expert witnesses notes, correspondences to and from the said expert pertaining to this

Presiding Judge: HON. KATHRYN GABHART (614428)

IRPD : 000011 of 000017

NOT ORIGINAL
DOCUMENT
06/17/2025 04:53:05
PM
83553

action, memoranda to or from the said expert, and/or reports of said expert witnesses pertaining hereto.

**RESPONSE:**

5.  The curriculum vitae of each expert witness whom you intend to use at trial of this action.

**RESPONSE:**

6.  Produce any and all digital images, recordings, photographs, videotapes, and/or movies that are in your possession, custody, or control and/or that have been taken by you, or anyone acting on your behalf, including attorneys, agents, employees, and/or representatives of the Defendant, of: (A) the Plaintiff, (B) the place of this incident, (C) the area surrounding the site of the incident as described in the preceding interrogatories, (D) or any other facts in issue in this case.

**RESPONSE:**

7.  All documents which you may use to refresh the recollections of witnesses at deposition or in trial.

**RESPONSE:**

8.  A copy of any and all articles, journals, and/or pages from textbooks which will be relied upon to support any contention by the Defendant that Plaintiff's injuries were not or may not have been sustained as a result of the incident at issue herein.

**RESPONSE:**

9.  All documents and things which the Defendant contends support the defenses asserted in the Defendant's Answer or that relate to any claims asserted by the Defendant.

**RESPONSE:**

Presiding Judge: HON. KATHRYN GABHART (614428)

IRPD : 000012 of 000017

NOT ORIGINAL
DOCUMENT
06/17/2025 04:53:05
PM
83553

10.  Copies of each policy of insurance which policy does and/or may insure the Defendant against the damages alleged in Plaintiff's Complaint, including the declarations page of each policy and <u>all</u> terms, conditions, coverages and exclusions of the policy of insurance.

**RESPONSE:**

11.  All notes, correspondence, memoranda, recordings, video, reports, documents of any and every kind, electronic correspondence or records, photographs or other items or things relating to, created, preserved or generated in investigation of this incident.

**RESPONSE:**

12.  Please produce any and all statements, written or verbal, recorded interviews, letters, written opinions, or reports of any kind, that the Defendant, or anyone acting on behalf of the Defendant, obtained from any witnesses listed in your responses to any of the foregoing Interrogatories.  Such production should also include:

        a.     The name and address of the person who took the statement;

        b.     How such statement was recorded;

        c.     The day it was obtained; and

        d.     If the statement was signed.

**RESPONSE:**

13.  Please produce any and all statements, written or verbal, recorded interviews, letters, written opinions, or reports of any kind, that the Defendant has given in regard to this incident. Such production should also include:

        a.     The name and address of the person who took the statement;

        b.     How such statement was recorded;

        c.     The day it was obtained; and

Presiding Judge: HON. KATHRYN GABHART (614428)

IRPD : 000013 of 000017

NOT ORIGINAL

06/17/2025 04:53:05

83553

DOCUMENT

PM

    d.     If the statement was signed.

**RESPONSE:**

14.    Please provide a copy of any and all incident reports compiled by or for the Defendant or any representatives relating to the incident that is the subject matter of this litigation.

**RESPONSE:**

15.    Please produce a copy of any and all drawings, maps, photographs, videotapes, or sketches of the scene or site of the incident alleged in the Complaint.

**RESPONSE:**

16.    Please produce any and all employee manuals, employee handbooks, premises inspection and cleaning guidelines, premises maintenance and inspection policies and procedures, checklists for premises maintenance, opening and closing procedures, and/or safety manuals of the Defendant which were in effect at the time of the incident that is the subject of this litigation.

**RESPONSE:**

17.    Please produce all premises checklists, reports, data entries, or other document or thing which evidences inspection of the premises on which Plaintiff was injured for the period commencing thirty (30) days prior to Plaintiff's incident alleged in the Complaint and ending on the thirtieth day following this incident.

**RESPONSE:**

18.    Time sheets, clock cards or any other documents showing the hours and time worked by any employees working on the date of the subject accident, with responsibilities for inspecting the premises for dangerous conditions, cleaning up dangerous conditions or maintaining the premises.

**RESPONSE:**

Presiding Judge: HON. KATHRYN GABHART (61428)

IRPD : 000014 of 000017

NOT ORIGINAL
DOCUMENT
06/17/2025 04:53:05
PM
83553

19.    Inspection sheets and/or and other documents for inspections that were used on the date of the subject accident, or that are now used by employees at Defendant's premises, for inspections.

**RESPONSE:**

20.    A true and correct copy of any contracts or agreement with any entity used by Defendant with any responsibilities for inspecting the premises or for training employees about such.

**RESPONSE:**

21.    A true and correct copy of any and all written inspection, maintenance procedures or policies in place on the date of the subject accident, at Defendant's premises.

**RESPONSE:**

22.    A true and correct copy of the written procedure for:

    a) inspecting the premises

    b) maintaining the premises

    c) ensuring safety on the premises

    d) responding to injuries on the premises

    e) training employees

    f) cleaning up spills

that was in existence on the date of the subject accident.

**RESPONSE:**

23.    A true and correct copy of any document or list with the names, addresses, telephone numbers, dates of birth, social security numbers, duties, responsibilities, and job descriptions, of all employees working for the Defendant with responsibilities for inspecting the premises for

Presiding Judge: HON. KATHRYN GABHART (614428)

IRPD : 000015 of 000017

NOT ORIGINAL
DOCUMENT
06/17/2025 04:53:05
PM
83553

dangerous conditions, cleaning up dangerous conditions, maintaining the premises, and opening/closing procedures.

**RESPONSE:**

24.    A true and correct copy of any document or list with the names, addresses, telephone numbers, dates of birth, social security numbers, duties, responsibilities, and job descriptions of all employees on duty at the subject location on the date of the subject incident.

**RESPONSE:**

25.    A true and correct copy of any and all documents provided to the employees of the Defendant who were on duty on the date of the subject accident, explaining maintenance, cleaning, inspection, safety precautions, and opening/closing procedures at Defendant's premises.

**RESPONSE:**

26.    A true and correct copy of any and all written complaints or documents showing claims or complaints made as to employees and/or customers being injured on Defendant's premises within the last five (5) years in a manner substantially similar to that alleged in the Complaint.

**RESPONSE:**

27.  Please produce all video surveillance showing the area of the incident for one hour prior to and one hour after the incident.

**RESPONSE:**

Respectfully submitted,

*/s/ Brittany Deskins_____*
BRITTANY DESKINS
Morgan & Morgan, Kentucky PLLC
250 West Main Street, Suite 2100
Lexington, Kentucky 40507
Phone: (859) 300-8272

Presiding Judge: HON. KATHRYN GABHART (61442B)

IRPD : 000016 of 000017

NOT ORIGINAL
DOCUMENT
06/17/2025 04:53:05
PM
83555

Facsimile: (859) 469-7015
Email: Brittany.Deskins@forthepeople.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on this 10th day of June 2025, I served a copy of the foregoing, alongside the Complaint, by mailing same to:

Corporation Service Company
421 West Main Street
Frankfort, KY 40601
*Registered Agent for Mac's*
*Convenience Stores LLC*

Cogency Global Inc.
828 Lane Allen Road, Suite 219
Lexington, KY 40504
*Registered Agent for SCF RC*
*Funding IV LLC*

*/s/ Brittany Deskins_____*
COUNSEL FOR PLAINTIFF

Presiding Judge: HON. KATHRYN GABHART (614428)

IRPD : 000017 of 000017

806535D8-7D7B-4E6A-826D-FAA06E4DEE3D : 000001 of 000005

**COMMONWEALTH OF KENTUCKY**
**BOURBON CIRCUIT COURT**
**DIVISION TWO (2)**
**CIVIL ACTION NO. 25-CI-00161**
*electronically filed*

EMILY HAEBERLIN                                                    PLAINTIFF

v.

MAC'S CONVENIENCE STORES, LLC d/b/a
Circle K, *et al*.                                                  DEFENDANTS

---

**DEFENDANT MAC'S CONVENIENCE STORES, LLC D/B/A CIRCLE K'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

---

Defendant, Mac's Convenience Stores, LLC d/b/a Circle K, for its Answer to Plaintiff's Complaint, states:

### FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted against Defendant.

### SECOND DEFENSE

As to the numbered paragraphs in Plaintiff's Complaint:

1.      Defendant denies, for want of knowledge, the averments in Paragraph 1 of Plaintiff's Complaint.

2.      Mac's Convenience Stores, LLC d/b/a Circle K admits that it is a business with its principal office located at 4080 West Jonathan Moore Pike, Columbus, Indiana, 47201, but denies any and all remaining averments in Paragraph 2 of Plaintiff's Complaint, as stated, or for being legal statements or conclusions that should be taken as avoided or denied as a matter of form.

ANS : 000001 of 000005

1

3.      The averments in Paragraph 3 of Plaintiff's Complaint are not directed at answering Defendant; thus, Defendant denies for want of knowledge the averments in Paragraph 3 of Plaintiff's Complaint.

4.      Defendant denies, as stated, the averments in Paragraph 4 of Plaintiff's Complaint.

5-6.    Defendant denies, for want of knowledge, the averments in Paragraphs 5 and 6 of Plaintiff's Complaint.

7.      Defendant denies the averments in Paragraph 7 of Plaintiff's Complaint.

8-11.   Defendant denies the averments in Paragraphs 8, 9, 10, and 11 of Plaintiff's Complaint or responds that they constitute legal statements or conclusions that should be taken as avoided or denied as a matter of form.

12-13.  Defendant denies the averments in Paragraphs 12 and 13 of Plaintiff's Complaint.

### THIRD DEFENSE

Any condition on the subject premises that allegedly caused or contributed to Plaintiff's accident was open and obvious, which bars the claims asserted herein, either in whole or in part.

### FOURTH DEFENSE

Subject to what discovery may reveal, the injuries and damages alleged in Plaintiff's Complaint were caused, in whole or in part, by Plaintiff's contributory or comparative negligence by reason of her failure to use that degree of care which would have been used by an ordinary, reasonable, and prudent person under the same or similar circumstances. Any damages to which Plaintiff may be found entitled are barred and should be reduced in proportion to the amount of fault attributable to Plaintiff. The negligence of Plaintiff proximately caused, contributed to, and was a substantial factor in causing the injuries and damages, if any, alleged in Plaintiff's Complaint.

806535D8-7D7B-4E6A-826D-FAA06EADEE3D : 000002 of 000005

ANS : 000002 of 000005

### FIFTH DEFENSE

Defendant's conduct was not the proximate cause or substantial factor in causing any injury or damage alleged by Plaintiff.

### SIXTH DEFENSE

Plaintiff has failed to plead special damages, if any, with specificity as required by Rule 9.6 of the Kentucky Rules of Civil Procedure, and any claims for special damages are therefore barred.

### SEVENTH DEFENSE

Defendant reserves all defenses related to insufficiency of process and service of process.

### EIGHTH DEFENSE

The damages alleged in Plaintiff's Complaint were caused by the acts, omissions, or acts of primary negligence or intentional conduct or intervening or superseding negligence or intentional conduct of persons or entities other than Defendant for which Defendant has no responsibility and such negligence or conduct precludes any liability against Defendant.

### NINTH DEFENSE

The premises were reasonably maintained and, as such, any duty that may have been owed to Plaintiff was discharged as a matter of law, which bars Plaintiff's claims asserted herein, either in whole or in part.

### TENTH DEFENSE

Pending discovery, Defendant affirmatively pleads all other defenses and affirmative defenses available to it under the common law, civil rules, regulations, and statutes of Kentucky and the United States of America. Defendant reserves the right to file further pleadings and assert

806535D8-7D7B-4E6A-826D-FAA06E4DEE3D : 000003 of 000005

ANS : 000003 of 000005

other defenses in this action as proof develops, including, but not limited to, cross-claims, counter-claims, or third-party claims.

WHEREFORE, Defendant, Mac's Convenience Stores, LLC d/b/a Circle K respectfully demands:

1.     Dismissal of Plaintiff's Complaint against it, in its entirety, with prejudice;

2.     Recovery of its costs and attorneys' fees incurred in the defense of this action, if applicable;

3.     A trial by jury on all issues so triable; and

4.     Any and all other relief to which it may appear entitled.

Respectfully submitted,

*/s/ Pete Pullen*
A. Pete Pullen
Jennings D. Kleeman
O'BRYAN, BROWN & TONER, PLLC
401 South Fourth Street, Suite 2200
Louisville, Kentucky 40202
Phone: 502-585-4700
pullenp@obtlaw.com
kleemanj@obtlaw.com
**Counsel for Defendant,**
**Mac's Convenience Stores, LLC**
**d/b/a Circle K**

806535D8-7D7B-4E6A-826D-FAA06E4DEE3D : 000004 of 000005

ANS : 000004 of 000005

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of Bourbon Circuit Court using the ECF system and that a true and correct copy of the foregoing document was served upon the following parties or counsel via the ECF system as well as by email and/or U.S. Mail on this **7th day of July 2025**:

Brittany Deskins
Morgan & morgan, Kentucky PLLC
250 West Main Street, Suite 2100
Lexington, Kentucky 40507
Phone: (859) 300-8272
brittany.deskins@forthepeople.com
**Counsel for Plaintiff**

*/s/ Pete Pullen*
A.  Pete Pullen
**Counsel for Defendant,**
**Mac's Convenience Stores, LLC**
**d/b/a Circle K**

806535D8-7D7B-4E6A-826D-FAA06E4DEE3D : 000005 of 000005

ANS : 000005 of 000005

# COMMONWEALTH OF KENTUCKY
## BOURBON CIRCUIT COURT
## DIVISION TWO (2)
## CIVIL ACTION NO. 25-CI-00161
### *electronically filed*

EMILY HAEBERLIN                                                      PLAINTIFF

v.

MAC'S CONVENIENCE STORES, LLC d/b/a
Circle K, *et al*.                                                   DEFENDANTS

---

## AGREED ORDER OF DISMISSAL

---

Come the Plaintiff, Emily Haeberlin, and the Defendant, SCF RC Funding IV, LLC, by and through the undersigned counsel for each, having agreed, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that all claims by Plaintiff against Defendant are hereby **DISMISSED** in their entirety, without prejudice, with each party to bear its respective costs and attorneys' fees. This agreement does not affect the remaining claims pending in this matter.

**ENTERED** this the __ day of _____

/s/ JUDGE KATHRYN GABHART
electronically signed
7/7/2025 9:50:48 AM ET

HON. JUDGE KATHRYN GABHART
BOURBON CIRCUIT COURT

OO : 000001 of 000002

**SEEN AND AGREED TO BY:**


*/s/ Jennings D. Kleeman*
A. Pete Pullen
Jennings D. Kleeman
O'BRYAN, BROWN & TONER, PLLC
401 South Fourth Street, Suite 2200
Louisville, Kentucky 40202
Phone: 502-585-4700
pullenp@obtlaw.com
kleemanj@obtlaw.com
**Counsel for Defendants**


*/s/ Brittany Deskins (with permission)*
Brittany Deskins
MORGAN & MORGAN, KENTUCKY PLLC
250 West Main Street, Suite 2100
Lexington, Kentucky 40507
Phone: 859 300-8272
brittany.deskins@forthepeople.com
**Counsel for Plaintiff**

OO : 000002 of 000002

**COMMONWEALTH OF KENTUCKY**
**BOURBON CIRCUIT COURT**
**DIVISION TWO (2)**
**CIVIL ACTION NO. 25-CI-00161**
*electronically filed*

EMILY HAEBERLIN                                                     PLAINTIFF

v.

MAC'S CONVENIENCE STORES, LLC d/b/a
Circle K                                                                  DEFENDANTS

---

## NOTICE OF SERVICE

---

Please take notice that Defendant, Mac's Convenience Stores, LLC d/b/a Circle K, by counsel, has served its *First Sets of Requests for Admission, Interrogatories and Requests for Production of Documents to Plaintiff* upon all parties of this action, via email, on this 8th day of July 2025.

Respectfully submitted,

*/s/ Jennings D. Kleeman*
A. Pete Pullen
Jennings D. Kleeman
O'BRYAN, BROWN & TONER, PLLC
401 South Fourth Street, Suite 2200
Louisville, Kentucky 40202
Phone: 502-585-4700
pullenp@obtlaw.com
kleemanj@obtlaw.com
**Counsel for Defendant**

E8D07618-20BA-4A53-B365-C612EFF9700E : 000001 of 000002

NO : 000001 of 000002

## <u>CERTIFICATE OF SERVICE</u>

      I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of Bourbon Circuit Court using the ECF system and that a true and correct copy of the foregoing document was served upon the following parties or counsel via the ECF system as well as by email and/or U.S. Mail on this **8th day of July, 2025**:

Brittany Deskins
Morgan & morgan, Kentucky PLLC
250 West Main Street, Suite 2100
Lexington, Kentucky 40507
Phone: 859 300-8272
brittany.deskins@forthepeople.com
**Counsel for Plaintiff**

                                           */s/ Jennings D. Kleeman*
                                           Jennings D. Kleeman
                                           **Counsel for Defendants**

EMILY HAEBERLIN                                                    PLAINTIFF

v.

MAC'S CONVENIENCE STORES, LLC d/b/a
Circle K                                                          DEFENDANT

---

**DEFENDANT MAC'S CONVENIENCE STORES, LLC D/B/A CIRCLE K'S**
**FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF**

---

Comes the Defendant, Mac's Convenience Stores, LLC d/b/a Circle K, by counsel, and hereby propounds the following First Set of Requests for Admission to the Plaintiff to be answered in writing and under oath within thirty (30) days from the date of service hereof. These discovery requests are to be considered continuing.

### REQUESTS FOR ADMISSION

**REQUEST NO. 1**: Please admit that the total amount of damages sought by Plaintiff in this lawsuit exceeds or will exceed $75,000.00, exclusive of interest and costs.

**RESPONSE**:

Respectfully submitted,

/s/ Jennings D. Kleeman
A. Pete Pullen
Jennings D. Kleeman
O'BRYAN, BROWN & TONER, PLLC
401 South Fourth Street, Suite 2200
Louisville, Kentucky 40202
Phone: 502-585-4700
pullenp@obtlaw.com
kleemanj@obtlaw.com
**Counsel for Defendant**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served upon the following parties or counsel by email and/or U.S. Mail on this **8th day of July, 2025**:

Brittany Deskins
MORGAN & MORGAN, KENTUCKY PLLC
250 West Main Street, Suite 2100
Lexington, Kentucky 40507
Phone: 859 300-8272
brittany.deskins@forthepeople.com
**Counsel for Plaintiff**

/s/ Jennings D. Kleeman
Jennings D. Kleeman
**Counsel for Defendant**

EMILY HAEBERLIN                                                                          PLAINTIFF

v.

MAC'S CONVENIENCE STORES, LLC d/b/a
Circle K                                                                                      DEFENDANT

---

**DEFENDANT MAC'S CONVENIENCE STORES, LLC D/B/A CIRCLE K'S**
**FIRST SETS OF INTERROGATORIES AND**
**REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

---

Defendant, Mac's Convenience Stores, LLC d/b/a Circle K, hereby propounds the following First Sets of Interrogatories and Requests for Production of Documents to Plaintiff, Emily Haeberlin, to be answered in writing and under oath within thirty (30) days from the date of service hereof. These Interrogatories and Requests are to be considered continuing.

## INTERROGATORIES

**INTERROGATORY NO. 1:**        Please provide your full name, address, Social Security number and date of birth.

**ANSWER:**


**INTERROGATORY NO. 2:**        State all facts upon which you rely to support the allegations in your Complaint that personal injuries you allegedly suffered at Circle K were caused by the negligent acts and omissions of Circle K.

**ANSWER:**

**INTERROGATORY NO. 3:**     Please state in specific detail the manner in which Plaintiff claims that the alleged negligence of Circle K was a factor in causing damage to the Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 4:**     Please give the name, address, telephone number and place of employment of any persons who have any knowledge regarding the facts or opinions given in answer to Interrogatory Nos. 2 and 3 above and identify all documents that evidence said facts.

**ANSWER:**

**INTERROGATORY NO. 5:**     Give the name, address, telephone number and place of employment of each person who witnessed the incident alleged in your Complaint.

**ANSWER:**

**INTERROGATORY NO. 6:**     Please state the name, address, telephone number and place of employment of all persons known to you or reasonably thought by you, your attorney, agents or other representatives to have knowledge of facts material or relevant to the issues pertaining to liability or damages in this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 7:**     Please give the name, address, telephone number and place of employment of each person you will call to testify at the trial of this matter.

**ANSWER:**


**INTERROGATORY NO. 8:**     Give the name, address and telephone number of each expert witness, including medical experts, with whom you have conferred or intend to use at trial, and with regard to each expert who is expected to be called to testify at the trial of this matter, please state:

(a)     The subject matter on which the expert is expected to testify;

(b)     The substance of the facts and opinions as to which the expert witness is expected to testify;

(c)     Give a summary of the grounds for each such opinion; and

(d)     Please attach to your answers to interrogatories a copy of each expert's curriculum vitae.

**ANSWER:**


**INTERROGATORY NO. 9:**     Give a detailed account of your movements and activities on the day of your alleged accident, including prior to your alleged accident and thereafter.

**ANSWER:**

**INTERROGATORY NO. 10:**     Relate the substance of any statement or utterance made to you or in your presence concerning the occurrence of the accident and identify fully the person making the statement.

**ANSWER:**


**INTERROGATORY NO. 11:**     With regard to any hospitalization or emergency room visit by you **prior** to this accident, **other** than for treatment of the injuries received in the accident which is the subject matter of this lawsuit, give the following information:

(a)     The name and address of the hospital;

(b)     The dates of admission and discharge;

(c)     The name of the attending physician; and

(d)     Describe the condition which caused such hospitalization.

**ANSWER:**


**INTERROGATORY NO. 12:**     Please list the name, address and telephone number of every physician or medical provider who has examined or treated you during the last ten (10) years and provide a description of the condition which led to the examination or treatment.

**ANSWER:**


**INTERROGATORY NO. 13:**     Itemize in detail all special damages you claim to have incurred as a result of the incident alleged in your complaint.

**ANSWER:**

**INTERROGATORY NO. 14:** Please itemize in detail each amount claimed by you for each item of unliquidated damages. If you are making a claim for loss of income or impairment or destruction of earning capacity, please state:

    (a)    The names and addresses of each place of your employment for the last ten (10) years, the compensation rate for such employment, and the dates of such employment;

    (b)    The specific dates in which you missed work which you are claiming was a result of this accident; and

    (c)    The method of computation of lost income and/or impairment or destruction of earning capacity.

**ANSWER:**


**INTERROGATORY NO. 15:** Itemize and identify all benefits, payments, reimbursements or collateral source payments of any kind received by you or paid on your behalf for special damages you claim to have incurred as a result of this accident.

**ANSWER:**


**INTERROGATORY NO. 16:** Describe in detail all other claims you have ever made for personal injury including, but not limited to, any worker's compensation claims, claims to an insurance company or lawsuits either prior to or subsequent to this accident.

**ANSWER:**


**INTERROGATORY NO. 17:** Please identify each trial exhibit which you anticipate introducing into evidence at the trial of this matter.

**ANSWER:**

**INTERROGATORY NO. 18:** Please state whether you consumed prescription medication, non-prescription medication and/or alcoholic beverages within 24 hours of your alleged accident and specify the type and amount of any drugs and/or alcohol consumed.

**ANSWER:**

**INTERROGATORY NO. 19:** Please describe the injuries you claim to have suffered as a result of this accident and their current condition(s).

**ANSWER:**

**INTERROGATORY NO. 20:** State whether you at any time applied for any type of disability benefit from a private or government source, whether such benefit was granted, and as to each state the name and address of the entity with which application was made and when it was made.

**ANSWER:**

**INTERROGATORY NO. 21:** Please state whether you have ever been charged with or convicted of any crime.

**ANSWER:**

**INTERROGATORY NO. 22:** Please describe in specific detail how Plaintiff's alleged injuries occurred.

**ANSWER:**

**INTERROGATORY NO. 23:**     Please identify any code, regulation or statute you claim Circle K violated in connection with your alleged accident and state how and when said violation occurred.

**ANSWER:**


**INTERROGATORY NO. 25:**     Please identify all email accounts, social media or social networking accounts that you have (including, but not limited to, any and all Facebook accounts, Twitter accounts, Instagram accounts, and LinkedIn accounts) and identify any emails, posts, tweets, messages, updates, photos, videos or any other type of notation to any such accounts that relate in any way to your alleged accident and/or injuries at Circle K.

**ANSWER:**


## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**     Please execute and return Plaintiff's authorizations for the release of medical and employment records (forms attached).

**RESPONSE:**


**REQUEST NO. 2:**     Please provide copies of all documents which you will use to support the allegations in the complaint including but not limited to those referred to in Interrogatory Nos. 2 and 3 above.

**RESPONSE:**

**REQUEST NO. 3:** With regard to Interrogatory No. 8, please provide copies of any and all written material prepared by Plaintiff's experts relating to any matter at issue and any documents which you anticipate calling to the attention of any expert testifying in this case.

**RESPONSE:**

**REQUEST NO. 4:** With regard to Interrogatory No. 13, please provide copies of all bills, cancelled checks, or other documentary evidence supporting any claim for special damages.

**RESPONSE:**

**REQUEST NO. 5:** With regard to Interrogatory No. 14, please provide copies of all W-2s, pay stubs, statements or other documentary evidence supporting any claim for loss of income or impairment or destruction of earning capacity.

**RESPONSE:**

**REQUEST NO. 6:** With regard to Interrogatory No. 15, please provide copies of all receipts, bills, cancelled checks, correspondence, or other documentary evidence substantiating the payment of benefits or reimbursements of any kind received by you or paid on your behalf.

**RESPONSE:**

**REQUEST NO. 7:** Please provide copies of any written or recorded statements in the possession of Plaintiff or Plaintiff's counsel obtained in connection with this accident.

**RESPONSE:**

**REQUEST NO. 8:**   Please provide copies of any photographs and/or videotapes in the possession of Plaintiff or Plaintiffs' counsel taken in connection with this accident.

**RESPONSE:**

**REQUEST NO. 9:**   Please provide copies of any diagrams or drawings in the possession of Plaintiffs or Plaintiffs' counsel made in connection with this accident.

**RESPONSE:**

**REQUEST NO. 10:**   With regard to Interrogatory No. 17, please provide copies of all trial exhibits you anticipate introducing into evidence at the trial of this matter.

**RESPONSE:**

**REQUEST NO. 11:**   Please provide copies of your state and federal income tax returns for the last five (5) years.

**RESPONSE:**

**REQUEST NO. 12:**   Please provide copies of all documents which you used or will use to support your answer(s) to any of the Interrogatories above.

**RESPONSE:**

**REQUEST NO. 13:**  Please produce a copy of all accounts and any posts, tweets, messages, updates, photos, videos or any other type of notation to any such accounts identified in Interrogatory No. 25.

**RESPONSE:**

**REQUEST NO. 14:**  Please produce copies of any and all text messages regarding your alleged accident or alleged injuries or damages.

**RESPONSE:**

Respectfully submitted,

*/s/ Jennings D. Kleeman*
A. Pete Pullen
Jennings D. Kleeman
O'BRYAN, BROWN & TONER, PLLC
401 South Fourth Street, Suite 2200
Louisville, Kentucky 40202
Telephone: (502) 585-4700
pullenp@obtlaw.com
kleemanj@obtlaw.com
**Counsel for Defendant**

<u>**CERTIFICATE OF SERVICE**</u>

       I HEREBY CERTIFY that a true and correct copy of the foregoing document was served upon the following parties or counsel via email on this **8th day of July, 2025** upon:

Brittany Deskins
MORGAN & MORGAN, KENTUCKY PLLC
250 West Main Street, Suite 2100
Lexington, Kentucky 40507
Phone: 859 300-8272
brittany.deskins@forthepeople.com
**Counsel for Plaintiff**

*/s/ Jennings D. Kleeman*
Jennings D. Kleeman
**Counsel for Defendant**

## <u>AUTHORIZATION TO RELEASE PROTECTED HEALTH CARE INFORMATION</u>

TO:

Pursuant to the Health Information Portability and Accountability Act (HIPAA) Privacy Regulations, 45 CFR §164.508, the above-listed provider is hereby authorized to release to **O'BRYAN, BROWN & TONER, PLLC** or any of its representatives ***all medical records, including but not limited to***: office notes, history, physical, consultation notes, discharge summaries, order and progress notes, laboratory results, nurses notes, emergency room records, operative records, in-patient records, out-patient records and films of x-rays, MRIs or PET scans, mental health, psychiatric (other than psychotherapy notes which must be requested by separate authorization), chemical dependency and HIV-related records, medical bills and health insurance Medicaid or Medicare records concerning any medical treatment that **EMILY HAEBERLIN**, **Social Security No.** _____, has received from you, at your institution, as well as all such records which you keep in the regular course of business are found in **EMILY HAEBERLIN's** medical records file. A photostatic copy hereof shall be as valid as the original.

**There will be no ex-parte communications by the law firm of O'Bryan, Brown & Toner, PLLC with any of the physicians involved in the care and treatment of EMILY HAEBERLIN.**

The purpose of this authorization and request is to permit O'BRYAN, BROWN & TONER, PLLC and its representatives to obtain ALL medical information pertaining to **EMILY HAEBERLIN's** physical and mental condition. This authorization expires three (3) years from the date of the signature. The aforementioned expiration date has not passed, as this matter is ongoing.

I hereby authorize the above-listed provider or any of its representatives to give testimony at deposition or trial regarding my medical condition or treatment as may be requested.

**EMILY HAEBERLIN** has the right to revoke this authorization in writing by providing a signed, written notice of revocation to the above-listed provider and O'BRYAN, BROWN & TONER, PLLC. The revocation will take effect when the medical provider receives it, except to the extent that medical provider or others have already relied on it; or if the authorization was obtained as a condition of obtaining insurance coverage, other law provides the insurer with the right to contest a claim under the policy. Medical providers may not condition treatment or payment on whether the above-listed patient executes this authorization. The information disclosed pursuant to this authorization may be subject to re-disclosure and no longer protected by the privacy regulations promulgated pursuant to the Health Information Portability and Accountability Act (HIPAA).

_____
EMILY HAEBERLIN

Social Security No.: _____

Date of Birth: _____

Date of Signature: _____

# PSYCHIATRIC AUTHORIZATION

## AUTHORIZATION TO RELEASE PROTECTED HEALTH CARE INFORMATION

TO:

Pursuant to the Health Information Portability and Accountability Act (HIPAA) Privacy Regulations, 45 CFR §164.508, the above-listed provider is hereby authorized to release to **O'BRYAN, BROWN & TONER, PLLC** or any of its representatives ***all psychotherapy notes*** concerning **EMILY HAEBERLIN**, **Social Security No.** _____, has received from you, at your institution, as well as all such records which you keep in the regular course of business are found in **EMILY HAEBERLIN'S** records file. A photostatic copy hereof shall be as valid as the original.

**There will be no ex-parte communications by the law firm of O'Bryan, Brown & Toner, PLLC with any of the physicians involved in the care and treatment of EMILY HAEBERLIN.**

The purpose of this authorization and request is to permit O'BRYAN, BROWN & TONER, PLLC and its representatives to obtain ALL medical information pertaining to **EMILY HAEBERLIN'S** mental condition. This authorization expires three (3) years from the date of the signature. The aforementioned expiration date has not passed, as this matter is ongoing.

I hereby authorize the above-listed provider or any of its representatives to give testimony at deposition or trial regarding my medical condition or treatment as may be requested.

**EMILY HAEBERLIN** has the right to revoke this authorization in writing by providing a signed, written notice of revocation to the above-listed provider and O'BRYAN, BROWN & TONER, PLLC. The revocation will take effect when the medical provider receives it, except to the extent that medical provider or others have already relied on it; or if the authorization was obtained as a condition of obtaining insurance coverage, other law provides the insurer with the right to contest a claim under the policy. Medical providers may not condition treatment or payment on whether the above-listed patient executes this authorization. The information disclosed pursuant to this authorization may be subject to re-disclosure and no longer protected by the privacy regulations promulgated pursuant to the Health Information Portability and Accountability Act (HIPAA).

_____
**EMILY HAEBERLIN**

Social Security No.: _____

Date of Birth: _____

Date of Signature: _____

## AUTHORIZATION FOR SCHOOL, EMPLOYMENT,
## WAGE AND SALARY INFORMATION

**TO WHOM IT MAY CONCERN:**

This authorizes any public or private school, firm, corporation, company, public agency or other employer to furnish to O'Bryan, Brown & Toner, PLLC or to any representative or other agent of said O'Bryan, Brown & Toner, PLLC, any and all information or opinions which they may request regarding school records, personnel files, present or past employment, payroll records, and any other information that may be kept by said firm, corporation, company, agency, or others by virtue of my employment or association with them.

A photocopy of this authorization shall have the same force and effect as the original.

_____
**EMILY HAEBERLIN**

Social Security No.: _____

Date of Birth:_____

Date of Signature: _____

COMMONWEALTH OF KENTUCKY
BOURBON CIRCUIT COURT
DIVISION TWO (2)
CIVIL ACTION NO. 25-CI-00161

EMILY HAEBERLIN                                                    PLAINTIFF

v.

MAC'S CONVENIENCE STORES, LLC d/b/a
Circle K                                                          DEFENDANT

---

## NOTICE OF SERVICE

---

Comes now the Plaintiff, Emily Haeberlin, by and through counsel, and hereby gives notice that she has served her Response to Requests for Admission propounded by Defendant, Mac's Convenience Stores, LLC d/b/a Circle K, to counsel of record on this the 9th day of July 2025.

Respectfully submitted,


*/s/ Brittany Deskins_____*
BRITTANY DESKINS
Morgan & Morgan, Kentucky PLLC
250 West Main Street, Suite 2100
Lexington, Kentucky 40507
Phone: (859) 300-8272
Facsimile: (859) 469-7015
Email: Brittany.Deskins@forthepeople.com
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2025 a true copy of the foregoing was served by email and/or U.S. Mail upon the following:

A. Pete Pullen
Jennings D. Kleeman
O'Bryan, Brown & Toner, PLLC
401 South Fourth Street, Suite 2200
Louisville, Kentucky 40202
Phone: 502-585-4700
pullenp@obtlaw.com
kleemanj@obtlaw.com
*Counsel for Defendant*

*/s/ Brittany Deskins*
*Counsel for Plaintiff*

D83E4270-9975-4F0F-BDFF-4E09790D031E : 000002 of 000002

NO : 000002 of 000002

**COMMONWEALTH OF KENTUCKY**
**BOURBON CIRCUIT COURT**
**DIVISION TWO (2)**
**CIVIL ACTION NO. 25-CI-00161**

EMILY HAEBERLIN                                                          PLAINTIFF

v.

MAC'S CONVENIENCE STORES, LLC d/b/a
Circle K                                                                DEFENDANT

---

## PLAINTIFF'S RESPONSE TO REQUESTS FOR ADMISSION PROPOUNDED BY DEFENDANT

---

Comes now the Plaintiff, Emily Haeberlin, by and through counsel, and for her Response to Requests for Admission propounded by Defendant, Mac's Convenience Stores, LLC d/b/a Circle K, states as follows:

### REQUESTS FOR ADMISSION

**REQUEST NO. 1**: Please admit that the total amount of damages sought by Plaintiff in this lawsuit exceeds or will exceed $75,000.00, exclusive of interest and costs.

**RESPONSE**: Deny.

Respectfully submitted,

*/s/ Brittany Deskins*
BRITTANY DESKINS
Morgan & Morgan, Kentucky PLLC
250 West Main Street, Suite 2100
Lexington, Kentucky 40507
Phone: (859) 300-8272
Facsimile: (859) 469-7015
Email: Brittany.Deskins@forthepeople.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2025 a true copy of the foregoing was served by email and/or U.S. Mail upon the following:

A. Pete Pullen
Jennings D. Kleeman
O'Bryan, Brown & Toner, PLLC
401 South Fourth Street, Suite 2200
Louisville, Kentucky 40202
Phone: 502-585-4700
pullenp@obtlaw.com
kleemanj@obtlaw.com
*Counsel for Defendant*

*/s/ Brittany Deskins*
*Counsel for Plaintiff*

**COMMONWEALTH OF KENTUCKY**
**BOURBON CIRCUIT COURT**
**DIVISION TWO (2)**
**CIVIL ACTION NO. 25-CI-00161**
*electronically filed*

EMILY HAEBERLIN                                                    PLAINTIFF

v.

MAC'S CONVENIENCE STORES, LLC d/b/a
Circle K                                                          DEFENDANT

---

### NOTICE OF SERVICE

---

Please take notice that Defendant, Mac's Convenience Stores LLC d/b/a Circle K, by counsel, has served its *Responses to Plaintiff's First Set of Requests for Admission*, upon all parties of this action, via email, on this 28th day of July, 2025.

Respectfully submitted,

*/s/ Jennings D. Kleeman*
A. Pete Pullen
Jennings D. Kleeman
O'BRYAN, BROWN & TONER, PLLC
401 South Fourth Street, Suite 2200
Louisville, Kentucky 40202
Telephone: (502) 585-4700
pullenp@obtlaw.com
kleemanj@obtlaw.com
**Counsel for Defendant**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Bourbon Circuit Court using the ECF system and that a true and correct copy of the foregoing document was served upon the following parties or counsel via the ECF system as well as by email on this **28th day of July, 2025**:

Brittany Deskins
MORGAN & MORGAN, KENTUCKY PLLC
250 West Main Street, Suite 2100
Lexington, Kentucky 40507
Phone: 859 300-8272
brittany.deskins@forthepeople.com
**Counsel for Plaintiff**

*/s/ Jennings D. Kleeman*
Jennings D. Kleeman
**Counsel for Defendant**

0753CD02-1E3E-415B-90EB-9136BD358110 : 000002 of 000002

NO : 000002 of 000002

EMILY HAEBERLIN                                                   PLAINTIFF

v.

MAC'S CONVENIENCE STORES, LLC d/b/a
Circle K                                                         DEFENDANT

---

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

---

Defendant, Mac's Convenience Stores, LLC d/b/a Circle K's ("Circle K"), for its Responses to Plaintiff's First Set of Requests for Admission, hereby states:

### GENERAL OBJECTIONS

Circle K makes the following General Objections to Plaintiff's Requests for Admission. All Responses are subject to and without waiver of any objection. Circle K's general objections are as follows:

1.      The objections and statements set forth in this section apply to each Request for Admission and are not necessarily repeated in Response to each individual Request. Assertion of the same, similar, or additional objections in Circle K's specific objections to individual requests or its failure to assert any additional objection to a request, does not waive any of Circle K's objections set forth in this section.

2.      Circle K generally objects to Plaintiff's discovery requests to the extent that they improperly seek information protected from discovery by the attorney-client privilege and/or the

work-product doctrine or any other applicable privilege or rule of confidentiality provided by law.

3.      Circle K objects to these requests to the extent that Plaintiff or her counsel seek disclosure of opinions, mental impressions, conclusions, or legal theories of Circle K or its counsel, employees, or other representatives.

4.      Circle K generally objects to the time periods encompassed by these requests to the extent that they are not limited, if at all, to a period reasonably encompassing events relative to the claims in dispute or the entities and parties in the Complaint.

5.      To the extent that the Requests are premature, vague, ambiguous, overly broad, unduly burdensome, irrelevant, and the information requested is not germane to the claims and defenses asserted in the pleadings, Circle K objects to the same.

6.      Circle K generally objects to these Requests for Admission to the extent information is sought that contains trade secrets, confidential business or other proprietary or protected information.

7.      By responding to these Requests, Circle K does not concede that any information is relevant, material, discoverable, or admissible in evidence. Circle K reserves any rights it has to the use of such information as evidence. Circle K also reserves the right to assert additional objections as appropriate and to supplement these Responses, as well as the General Objections. By reason of these Responses, Circle K does not waive or intend to waive its right to rely on these general objections to assert additional objections, specific objections as appropriate, and to supplement these Responses.

8.      Circle K reserves the right to amend or supplement its answers and Responses as discovery progresses.

9.     Circle K objects to the Definitions and Instructions preceding Plaintiff's discovery requests as beyond the contemplation of the Kentucky Rules of Civil Procedure. Words and phrases will be given their ordinary meaning and Circle K submits its discovery responses in good faith.

## REQUESTS FOR ADMISSIONS

1.  Admit that you owned, controlled, operated, and/or supervised the premises on the date of the subject incident.

**RESPONSE:** Objection. This discovery request is vague and ambiguous and seeks a legal conclusion. Subject to and without waiving these objections, Circle K denies that it owned the premises.

2.  Admit that you were responsible for maintaining the premises on the date of the subject incident.

**RESPONSE:** Objection. This discovery request is vague and ambiguous, calls for speculation, and seeks a legal conclusion. Subject to and without waiving these objections, deny as stated.

3.  Admit that the Plaintiff was on the premises at the time of the subject incident.

**RESPONSE:** Admit.

4.   Admit that you failed to keep the premises in a reasonably safe condition prior to the subject incident.

**RESPONSE:** Deny.

5.  Admit that the Plaintiff was injured as a result of the incident which is the subject of this litigation.

**RESPONSE:** Objection. This discovery request is vague and ambiguous, calls for speculation, and seeks a legal conclusion. Moreover, this discovery request is premature, as discovery is in its infancy. Subject to and without waiving these objections, Defendant denies this request as stated.

6. Admit that you are not aware of any facts indicating that the Plaintiff contributed to the incident in question.

**RESPONSE:** Objection. This discovery request is premature, as discovery is in its infancy. Moreover, it calls for speculation and seeks a legal conclusion. Subject to and without waiving these objections, Defendant denies this request as stated.

7. Admit that you are not aware of any facts indicating that the Plaintiff contributed to her resulting injuries from the subject incident.

**RESPONSE:** Objection. This discovery request is premature, as discovery is in its infancy. Moreover, it calls for speculation and seeks a legal conclusion. Subject to and without waiving these objections, Defendant denies this request as stated.

Respectfully submitted,

*/s/ Jennings D. Kleeman*
A. Pete Pullen
Jennings D. Kleeman
O'BRYAN, BROWN & TONER, PLLC
401 South Fourth Street, Suite 2200
Louisville, Kentucky 40202
Telephone: (502) 585-4700
pullenp@obtlaw.com
kleemanj@obtlaw.com
**Counsel for Defendant**

## <u>CERTIFICATE OF SERVICE</u>

      I HEREBY CERTIFY that a true and correct copy of the foregoing document was served upon the following parties or counsel via email on this **28th day of July 2025**:

Brittany Deskins
MORGAN & MORGAN, KENTUCKY PLLC
250 West Main Street, Suite 2100
Lexington, Kentucky 40507
Phone: 859 300-8272
brittany.deskins@forthepeople.com
**Counsel for Plaintiff**

                                           */s/ Jennings D. Kleeman*
                                           Jennings D. Kleeman
                                           **Counsel for Defendant**

COMMONWEALTH OF KENTUCKY
BOURBON CIRCUIT COURT
DIVISION TWO (2)
CIVIL ACTION NO. 25-CI-00161

EMILY HAEBERLIN                                                         PLAINTIFF

v.

MAC'S CONVENIENCE STORES, LLC d/b/a
Circle K                                                                      DEFENDANT

---

### NOTICE OF SERVICE

---

Comes now the Plaintiff, Emily Haeberlin, by and through counsel, and hereby gives notice that she has served her Answers and Responses to Interrogatories and Requests for Production of Documents propounded by Defendant, Mac's Convenience Stores, LLC d/b/a Circle K, to counsel of record on this the 12th day of September 2025.

Respectfully submitted,


/s/ Brittany Deskins_____
BRITTANY DESKINS
Morgan & Morgan, Kentucky PLLC
250 West Main Street, Suite 2100
Lexington, Kentucky 40507
Phone: (859) 300-8272
Facsimile: (859) 469-7015
Email: Brittany.Deskins@forthepeople.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent to the following by operation of the Court's electronic filing system and/or electronic mail by undersigned counsel on September 12, 2025 to the following counsel of record. Parties may access this filing through the Court's system:

A. Pete Pullen
Jennings D. Kleeman
O'Bryan, Brown & Toner, PLLC
401 South Fourth Street, Suite 2200
Louisville, Kentucky 40202
Phone: 502-585-4700
pullenp@obtlaw.com
kleemanj@obtlaw.com
*Counsel for Defendant*

*/s/ Brittany Deskins*
*Counsel for Plaintiff*

B89FE90D-5660-45B3-A572-806FE534C478 : 000002 of 000002

NO : 000002 of 000002

EMILY HAEBERLIN                                          PLAINTIFF

v.

MAC'S CONVENIENCE STORES, LLC d/b/a
Circle K                                                DEFENDANT

---

## PLAINTIFF'S RESPOSNES TO DEFENDANTS FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

---

Comes now the Plaintiff, Emily Haeberlin, by and through counsel, and for her Answers and Responses to Interrogatories and Requests for Production of Documents propounded by Defendant, Mac's Convenience Stores, LLC d/b/a Circle K, states as follows:

### GENERAL OBJECTIONS

1.      The discovery requested is overly broad and seeks disclosure of information and documentation which is irrelevant and not calculated to lead to the discovery of admissible evidence.  In addition, the Plaintiff will provide responses only in accordance with and pursuant to the provisions of the Kentucky Rules of Civil Procedure and in accordance with the customary meaning of a term's usage, not necessarily the meaning dictated by the Defendant, in its discovery requests.

2.       The discovery requests seek facts and information which have been obtained by the Plaintiff through the Plaintiff's attorney and accordingly protected by the attorney-client privilege and the privilege of the attorney's work product.

3.     The Plaintiff has not completed the investigation of the facts relating to this case and has not completed preparation for the trial of this case which is unscheduled as of the date of this Response. Any Response rendered herein is based solely upon the information in the possession of the Plaintiff at the time of the preparation of these responses. As discovery is continued pursuant to statute, rule, order of the Court or stipulation, the investigation of the Plaintiff's attorneys and agents will continue and as required by said authorities will be provided to Defendant.  With regard to the facts upon which the Plaintiff relies in filing this action, the Plaintiff reserves the right at the time of trial, or at any other time in this proceeding, to introduce any and all evidence from any source whatsoever which may be discovered, and testimony from any witnesses whose identity may later be discovered.

4.     Except for specific and explicit facts admitted herein, no incidental or implied admissions are in any way intended.  The fact that the Plaintiff has attempted to respond or has responded to any of the requests should not be taken as an admission that the Plaintiff accepts, or admits, the existence of any facts set forth or assumed in the request, or that such response constitutes admissible evidence.  Rather, the Plaintiff is simply attempting to fulfil Plaintiff's obligation pursuant to the Kentucky Rules of Civil Procedure.

5.     If any information or facts have been unintentionally omitted from these responses, the Plaintiff reserves the right to assert that omitted information without prejudice to the Plaintiff.

6.     These preliminary statements and general objections are incorporated by reference into each of the following responses set forth below.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**     Please provide your full name, address, Social Security number and date of birth.

**ANSWER:** Emily Jane Schepers Haeberlin, 123 Sitka Court Louisville, KY 40229. Plaintiff will provide DOB and social security number under separate cover.


**INTERROGATORY NO. 2:** State all facts upon which you rely to support the allegations in your Complaint that personal injuries you allegedly suffered at Circle K were caused by the negligent acts and omissions of Circle K.

**ANSWER:** Objection to the extent that this case is in the early stages of discovery and additional facts and circumstances surrounding the incident are not yet known. Subject to and without waiving said objection, Plaintiff states that as she was exiting Defendant's premises she did not see the drop off from the ramp due to the poor design of the ramp and because it is an optical illusion. This defect caused her to fall.

**INTERROGATORY NO. 3:** Please state in specific detail the manner in which Plaintiff claims that the alleged negligence of Circle K was a factor in causing damage to the Plaintiff.

**ANSWER:** Plaintiff objects to this interrogatory to the extent that it concerns a legal conclusion. Plaintiff also objects as it seeks expert opinion. Subject to and without waiving said objection, see Answer to Interrogatory No. 2.


**INTERROGATORY NO. 4:** Please give the name, address, telephone number and place of employment of any persons who have any knowledge regarding the facts or opinions given in answer to Interrogatory Nos. 2 and 3 above and identify all documents that evidence said facts.

**ANSWER:** Objection. This interrogatory seeks information protected by the attorney-client and/or work product privilege. Without waiving said objection.

1. Plaintiff has knowledge about the incident, her treatment, and damages;

2. Angela Schepers, 5909 Paul Revere Ct. Louisville, KY 40229, ███████, has knowledge regarding the incident, Plaintiff's treatment, and damages;

3. Jamie Greenert, 1868 W. Hebrob Ln. Suite 301, Shepherdsville, KY 40165, ███████, has knowledge regarding the incident, Plaintiff's treatment, and damages;

4. Plaintiff's treating physicians, who possess knowledge regarding Plaintiff's medical treatment, conditions, and damages;

5. Employees of Defendant present on the date of incident;

6. All persons identified by either party throughout the discovery process;

7. All parties listed in any incident report; and

8. All parties identified in any documents produced by any party.

**INTERROGATORY NO. 5:**     Give the name, address, telephone number and place of employment of each person who witnessed the incident alleged in your Complaint.

**ANSWER:** Plaintiff is aware that Angela Schepers, listed above, witnessed the incident. This is Plaintiff's mother and she was pumping gas at the time of the incident.

**INTERROGATORY NO. 6:**     Please state the name, address, telephone number and place of employment of all persons known to you or reasonably thought by you, your attorney, agents or other representatives to have knowledge of facts material or relevant to the issues pertaining to liability or damages in this lawsuit.

**ANSWER:** Please see Answer to Interrogatory No. 4.

**INTERROGATORY NO. 7:** Please give the name, address, telephone number and place of employment of each person you will call to testify at the trial of this matter.

**ANSWER:** It is yet to be determined which witnesses will be used at the trial of this matter. This answer will be supplemented pursuant to the Kentucky Rules of Civil Procedure and/or any Orders of this Court.

**INTERROGATORY NO. 8:** Give the name, address and telephone number of each expert witness, including medical experts, with whom you have conferred or intend to use at trial, and with regard to each expert who is expected to be called to testify at the trial of this matter, please state:

    (a)    The subject matter on which the expert is expected to testify;

    (b)    The substance of the facts and opinions as to which the expert witness is expected to testify;

    (c)    Give a summary of the grounds for each such opinion; and

    (d)    Please attach to your answers to interrogatories a copy of each expert's curriculum vitae.

**ANSWER:** It is yet to be determined which witnesses will be used at the trial of this matter. This answer will be supplemented pursuant to the Kentucky Rules of Civil Procedure and/or any Orders of this Court.

**INTERROGATORY NO. 9:** Give a detailed account of your movements and activities on the day of your alleged accident, including prior to your alleged accident and thereafter.

**ANSWER:** Plaintiff states to the best of her recollection, she was picked up around noon at her house by her grandfather, step-mom, and dad to head to a funeral in New Boston, Ohio. They made a stop in Paris, KY to get gas and food. She went inside the Circle K gas station to use the restroom. On her way out she did not see the step down on the ramp and fell. After the fall the group went to Walgreens to buy ice packs. She propped her foot up in the backseat for rest of the drive and was unable to walk or put pressure on the foot. She woke up the next day still in pain and went to the emergency room.

**INTERROGATORY NO. 10:** Relate the substance of any statement or utterance made to you or in your presence concerning the occurrence of the accident and identify fully the person making the statement.

**ANSWER:** Plaintiff states that an unknown customer also witnessed the incident and asked if she was ok. Additionally, she states an employee of Defendant came out and wrote her information down on a post-it note. She was told a manager would contact her but she never heard from anyone and was later told the note had been lost.

**INTERROGATORY NO. 11:** With regard to any hospitalization or emergency room visit by you **prior** to this accident**, other** than for treatment of the injuries received in the accident which is the subject matter of this lawsuit, give the following information:

(a)     The name and address of the hospital;

(b)      The dates of admission and discharge;

(c)      The name of the attending physician; and

(d)      Describe the condition which caused such hospitalization.

**ANSWER:** Plaintiff does not recall any such visits.


**INTERROGATORY NO. 12:**      Please list the name, address and telephone number of every physician or medical provider who has examined or treated you during the last ten (10) years and provide a description of the condition which led to the examination or treatment.

**ANSWER:** Plaintiff objects to this interrogatory on the grounds it is unduly burdensome and seeks information which is irrelevant and/or immaterial to this litigation. Without waiving to the best of Plaintiff's recollection she has treated with the following:

Sara Hart, MD, Pediatrics of Bullitt County, 1707 Cedar Grove Road, Shepherdsville, KY 40165

Kelli Duggan, MD, 100 Mallard Creek Rd., Ste. 320, Louisville, KY 40207

Jamie Greenert, APRN, UofL Health, 1868 W. Hebron Lane Suite 301, Shepherdsville, KY 40165

Kroger Little Clinic, 5001 Mud Lane, Louisville, KY 40229

Womens First, 3900 Kresge Way Unit 30, Louisville, KY 40207

Associates in Dermatology-Fern Creek, 9336 Cedar Center Way, Louisville, Ky 40291

Clarkson Eye Care-Fern Creek, 6828 Bardstown Road, Louisville, KY 40291

**INTERROGATORY NO. 13:**     Itemize in detail all special damages you claim to have incurred as a result of the incident alleged in your complaint.

**ANSWER:**  : **Plaintiff objects to this Interrogatory on the grounds that it seeks information that is inadmissible and not reasonably calculated to lead to the discovery of admissible information, pursuant to the Kentucky Collateral Source Rule and to *Schwartz v. Hasty,* 175 S.W.3d 621 (Ky. App. 2005), *Baptist Healthcare Systems, Inc. d/b/a Central Baptist Hospital v. Golda H. Miller,* 177 S.W.3d 676 (Ky. 2005) and *O'Bryan v. Hedgespeth,* 892 S.W.2d 571, 576 (Ky. 1995).  Without waiving said objection, Plaintiff states she has health insurance through BlueCross BlueShield.**
**The amount of damages sought has not yet been determined, but at this time damages are estimated as follows:**

1. **Past and Present Medical Expenses:  $ 12,868.00. Will supplement as additional expenses are received.**

2. **Future Medical Expenses:  *Will Supplement***

3. **Past Pain and Suffering:  *Will Supplement***

4. **Future Pain and Suffering:  *Will Supplement***

5. **Lost wages:  *Will supplement.***

6. **Impaired earning capacity:  *Will supplement.***

**Because CR 8 requires me to provide a response to this question, at this point in time, I would cap my past pain and suffering at $ 1,000,000.00; Future Pain and Suffering at $2,000,000.00. These estimated amounts are provided only because the Civil Rules and Kentucky case law require me to do so will be supplemented in accordance with the Orders of the Court and prior to trial pursuant *Fratzke v. Murphy,* 12 SW.W.3d 269 (Ky. 1999) and pursuant to CR 8.01. Additional categories of damages may also be identified and supplemented prior to trial. I defer to a jury on how much my claim is worth based on the evidence.**

**INTERROGATORY NO. 14:**     Please itemize in detail each amount claimed by you for each item of unliquidated damages.  If you are making a claim for loss of income or impairment or destruction of earning capacity, please state:

(a) The names and addresses of each place of your employment for the last ten (10) years, the compensation rate for such employment, and the dates of such employment;

(b) The specific dates in which you missed work which you are claiming was a result of this accident; and

(c) The method of computation of lost income and/or impairment or destruction of earning capacity.

**ANSWER:** Plaintiff objects to this interrogatory to the extent it seeks expert opinion. Without waiving said objection, Plaintiff states that she was unemployed at the time of the incident. However, in January 2025, she was actively looking for a new job but was unable to seek work or get hired due to her injury and resulting mobility issues. She was required to do PT twice a week which was not conducive to starting a new job.

**INTERROGATORY NO. 15:** Itemize and identify all benefits, payments, reimbursements or collateral source payments of any kind received by you or paid on your behalf for special damages you claim to have incurred as a result of this accident.

**ANSWER:** Plaintiff objects to this Interrogatory on the grounds that it seeks information that is inadmissible and not reasonably calculated to lead to the discovery of admissible information, pursuant to the Kentucky Collateral Source Rule and to Schwartz v. Hasty, 175 S.W.3d 621 (Ky. App. 2005), Baptist Healthcare Systems, Inc., d/b/a Central Baptist Hospital v. Golda H. Miller, 177 S.W.3d 676 (Ky. 2005) and O'Bryan v. Hedgespeth, 892 S.W.2d 571, 576 (Ky. 1995). Without waiving said objection, Plaintiff has insurance through Blue Cross Blue Shield of Illinois.

**INTERROGATORY NO. 16:**     Describe in detail all other claims you have ever made for personal injury including, but not limited to, any worker's compensation claims, claims to an insurance company or lawsuits either prior to or subsequent to this accident.

**ANSWER:** No.

**INTERROGATORY NO. 17:**     Please identify each trial exhibit which you anticipate introducing into evidence at the trial of this matter.

**ANSWER:** It is yet to be determined which exhibits will be used at the time of the trial of this matter. A copy of all exhibits will be produced in accordance with the civil rules and/or Order of this Court.

**INTERROGATORY NO. 18:**     Please state whether you consumed prescription medication, non-prescription medication and/or alcoholic beverages within 24 hours of your alleged accident and specify the type and amount of any drugs and/or alcohol consumed.

**ANSWER:** No.

**INTERROGATORY NO. 19:**     Please describe the injuries you claim to have suffered as a result of this accident and their current condition(s).

**ANSWER:** While Plaintiff is not a medical professional and cannot provide detailed information regarding her injuries, Plaintiff suffered from an ATFL rupture as well as mild fraying of the deltoid ligament. See medical records for additional information.

**INTERROGATORY NO. 20:**     State whether you at any time applied for any type of disability benefit from a private or government source, whether such benefit was granted, and as to each state the name and address of the entity with which application was made and when it was made.

**ANSWER:** No.


**INTERROGATORY NO. 21:**     Please state whether you have ever been charged with or convicted of any crime.

**ANSWER:** No.


**INTERROGATORY NO. 22:**     Please describe in specific detail how Plaintiff's alleged injuries occurred.

**ANSWER:** Please see answers to Interrogatory No. 4.


**INTERROGATORY NO. 23:**     Please identify any code, regulation or statute you claim Circle K violated in connection with your alleged accident and state how and when said violation occurred.

**ANSWER:** Plaintiff objects to the extent this Interrogatory seeks expert opinion. Plaintiff will rely upon experts and will comply with any disclosures deadlines or order of the Court.


**INTERROGATORY NO. 25:**     Please identify all email accounts, social media or social networking accounts that you have (including, but not limited to, any and all Facebook accounts, Twitter accounts, Instagram accounts, and LinkedIn accounts) and identify any emails,

posts, tweets, messages, updates, photos, videos or any other type of notation to any such accounts that relate in any way to your alleged accident and/or injuries at Circle K.

**ANSWER:** Plaintiff states she has an Instagram account under Emily_Haeberlin, Facebook account is under her name Emily Haeberlin. She states she has not made any posts about the incident.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Please execute and return Plaintiff's authorizations for the release of medical and employment records (forms attached).

**RESPONSE:** Please see attached. Plaintiff has provided specific releases for medical providers to that Defendant may obtain records.

**REQUEST NO. 2:** Please provide copies of all documents which you will use to support the allegations in the complaint including but not limited to those referred to in Interrogatory Nos. 2 and 3 above.

**RESPONSE:** See document production. Will supplement as necessary.

**REQUEST NO. 3:** With regard to Interrogatory No. 8, please provide copies of any and all written material prepared by Plaintiff's experts relating to any matter at issue and any documents which you anticipate calling to the attention of any expert testifying in this case.

**RESPONSE:** It is yet to be determined which experts will be used at the time of trial of this matter. A copy of exhibits will be produced in accordance with the civil rules and/or any order of this Court.

**REQUEST NO. 4:**  With regard to Interrogatory No. 13, please provide copies of all bills, cancelled checks, or other documentary evidence supporting any claim for special damages.

**RESPONSE:** See document production. Will supplement as necessary.

**REQUEST NO. 5:**  With regard to Interrogatory No. 14, please provide copies of all W-2s, pay stubs, statements or other documentary evidence supporting any claim for loss of income or impairment or destruction of earning capacity.

**RESPONSE:** Will supplement.

**REQUEST NO. 6:**  With regard to Interrogatory No. 15, please provide copies of all receipts, bills, cancelled checks, correspondence, or other documentary evidence substantiating the payment of benefits or reimbursements of any kind received by you or paid on your behalf.

**RESPONSE:** See document production. Will supplement as necessary.

**REQUEST NO. 7:**  Please provide copies of any written or recorded statements in the possession of Plaintiff or Plaintiff's counsel obtained in connection with this accident.

**RESPONSE:** None in Plaintiff's possession.

**REQUEST NO. 8:**  Please provide copies of any photographs and/or videotapes in the possession of Plaintiff or Plaintiffs' counsel taken in connection with this accident.

**RESPONSE:** See document production.

**REQUEST NO. 9:**    Please provide copies of any diagrams or drawings in the possession of Plaintiffs or Plaintiffs' counsel made in connection with this accident.

**RESPONSE:** None in Plaintiff's possession.


**REQUEST NO. 10:**    With regard to Interrogatory No. 17, please provide copies of all trial exhibits you anticipate introducing into evidence at the trial of this matter.

**RESPONSE:** It is yet to be determined which exhibits will be used at the time of the trial of this matter. A copy of exhibits will be produced in accordance with the civil rules of this Court or any Order of this Court.


**REQUEST NO. 11:**    Please provide copies of your state and federal income tax returns for the last five (5) years.

**RESPONSE:** Will supplement.


**REQUEST NO. 12:**    Please provide copies of all documents which you used or will use to support your answer(s) to any of the Interrogatories above.

**RESPONSE:** See document production. Will supplement as necessary.


**REQUEST NO. 13:**    Please produce a copy of all accounts and any posts, tweets, messages, updates, photos, videos or any other type of notation to any such accounts identified in Interrogatory No. 25.

**RESPONSE:** None.

**REQUEST NO. 14:**  Please produce copies of any and all text messages regarding your alleged accident or alleged injuries or damages.

**RESPONSE:** None.

Respectfully submitted,

*/s/ Brittany Deskins*
BRITTANY DESKINS
Morgan & Morgan, Kentucky PLLC
250 W. Main Street, Ste. 2100
Lexington, KY 40507
Telephone:  (859) 300-8272
Facsimile:  (859) 367-6146
brittany.deskins@forthepeople.com
*Attorney for Plaintiff*

CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing has been served by email on September 12, 2025, to the following:

A. Pete Pullen
Jennings D. Kleeman
O'BRYAN, BROWN & TONER, PLLC
401 South Fourth Street, Suite 2200
Louisville, Kentucky 40202
pullenp@obtlaw.com
kleemanj@obtlaw.com
**Counsel for Defendant**

/s/Brittany Deskins

Docusign Envelope ID: C27D57ED-05FB-42C7-824A-BD7A0C9F6FBD

## VERIFICATION

The foregoing discovery responses are true and accurate to the best of my knowledge and belief.

_Emily Haeberlin_

EMILY HAEBERLIN

COMMONWEALTH OF KENTUCKY )
COUNTY OF Fayette )

Subscribed and sworn to before me by Emily Haeberlin this the 12 day of September, 2025.

Notary Public, State at Large

I.D. No.: KNP88817

My Commission Expires:

5/24/28

COMMONWEALTH OF KENTUCKY
BOURBON CIRCUIT COURT
DIVISION TWO (2)
CIVIL ACTION NO. 25-CI-00161

EMILY HAEBERLIN                                                          PLAINTIFF

v.

MAC'S CONVENIENCE STORES, LLC d/b/a
Circle K                                                                 DEFENDANT

---

### NOTICE OF SERVICE

---

Comes now the Plaintiff, Emily Haeberlin, by and through counsel, and hereby gives notice that she has served her First Supplemental Responses to Requests for Admission propounded by Defendant, Mac's Convenience Stores, LLC d/b/a Circle K, to counsel of record on this the 7th day of October 2025.

Respectfully submitted,

*/s/ Brittany Deskins*
BRITTANY DESKINS
Morgan & Morgan, Kentucky PLLC
250 West Main Street, Suite 2100
Lexington, Kentucky 40507
Phone: (859) 300-8272
Facsimile: (859) 469-7015
Email: Brittany.Deskins@forthepeople.com
*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent to the following by operation of the Court's electronic filing system and/or electronic mail by undersigned counsel on October 7, 2025 to the following counsel of record. Parties may access this filing through the Court's system:

       A. Pete Pullen
       Jennings D. Kleeman
       O'Bryan, Brown & Toner, PLLC
       401 South Fourth Street, Suite 2200
       Louisville, Kentucky 40202
       Phone: 502-585-4700
       pullenp@obtlaw.com
       kleemanj@obtlaw.com
       *Counsel for Defendant*

                                */s/ Brittany Deskins*
                                *Counsel for Plaintiff*

7374FD1F-D9E0-4195-AC61-A0B56D1D7EA5 : 000002 of 000002

NO : 000002 of 000002

**COMMONWEALTH OF KENTUCKY**
**BOURBON CIRCUIT COURT**
**DIVISION TWO (2)**
**CIVIL ACTION NO. 25-CI-00161**


EMILY HAEBERLIN                                                    PLAINTIFF

v.

MAC'S CONVENIENCE STORES, LLC d/b/a
Circle K                                                          DEFENDANT

---

## PLAINTIFF'S 1ST SUPPLEMENTAL RESPONSE TO REQUESTS FOR ADMISSION PROPOUNDED BY DEFENDANT

---

Comes now the Plaintiff, Emily Haeberlin, by and through counsel, and for her Response to Requests for Admission propounded by Defendant, Mac's Convenience Stores, LLC d/b/a Circle K, states as follows:

### REQUESTS FOR ADMISSION

**REQUEST NO. 1**: Please admit that the total amount of damages sought by Plaintiff in this lawsuit exceeds or will exceed $75,000.00, exclusive of interest and costs.

**RESPONSE**: Admit

Respectfully submitted,


*/s/ Brittany Deskins*
BRITTANY DESKINS
Morgan & Morgan, Kentucky PLLC
250 West Main Street, Suite 2100
Lexington, Kentucky 40507
Phone: (859) 300-8272
Facsimile: (859) 469-7015
Email: Brittany.Deskins@forthepeople.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2025 a true copy of the foregoing was served by email and/or U.S. Mail upon the following:

A. Pete Pullen
Jennings D. Kleeman
O'Bryan, Brown & Toner, PLLC
401 South Fourth Street, Suite 2200
Louisville, Kentucky 40202
Phone: 502-585-4700
pullenp@obtlaw.com
kleemanj@obtlaw.com
*Counsel for Defendant*

*/s/ Brittany Deskins*
*Counsel for Plaintiff*